EDGAR VEATCH *et al.* v. D M. CHENOWETH *et al.*

1. ATTACHMENT BOND, *Action on* — *Evidence* — *Presumptions to Sustain Judgment.* In an action on an attachment undertaking given before a justice of the peace, it was shown that the following papers belonging to the case in which the attachment undertaking was given were introduced in evidence, to wit: The plaintiffs' bill of particulars, the affidavit for the attachment, the attachment undertaking, the order of attachment, the inventory and appraisement, the affidavit denying the grounds for the attachment, the notice of the motion to discharge the attachment, and the transcript of the justice of the peace; but not one of these papers is found in the record brought to the supreme court. The parol testimony introduced on the trial tended to show that the officer holding the order of attachment attached a certain hay press belonging to the defendants in the attachment action, the plaintiffs in this action; and the verdict and judgment in this action were rendered in favor of the plaintiffs. *Held,* In the absence of anything to the contrary, and for the purpose of sustaining the judgment of the court, it will be presumed that the return of the officer holding the order of attachment was indorsed on the order of attachment, that it was introduced in evidence with the order of attachment, and also that the transcript of the justice of the peace showed what was done under the order of attachment.

2. ———— *No Error.* The evidence and instructions examined, and *held,* that no material error was committed with reference thereto.

3. ———— *Damages* — *Harmless Error.* The verdict was for an amount of damages in excess of the amount of the attachment undertaking; and while there is some error in the language used in rendering the judgment, yet, as the judgment seems to be only for the amount of the attachment undertaking, it will not be reversed.

*Error from Comanche District Court.*

THE opinion states the material facts. Judgment for plaintiffs, *Chenoweth Bros.,* at the November term, 1888. The defendants, *Veatch* and another, bring the case to this court.

*H. A. Smith,* for plaintiffs in error.

*John A. Murray,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action upon an attachment undertaking brought before a justice of the peace of Comanche county, on April 10, 1888, by D. M. Chenoweth and George W. Chenoweth, partners as Chenoweth Bros., against Edgar Veatch, to recover the sum of $300. After judgment in favor of the plaintiffs for $81.50, the defendants appealed to the district court, where the case was again tried before the court and a jury, and a general verdict and judgment were rendered in favor of the plaintiffs and against the defendants for amounts to be hereafter stated; and the defendants, as plaintiffs in error, bring the case to this court for review.

The undertaking sued on in this case, which was made a part of the plaintiffs' bill of particulars, was for the amount of $100. It was executed by Veatch and Belcher, in an action before a justice of the peace, in which action Veatch was the plaintiff and L. U. Miner and the two Chenoweths were the defendants. Veatch of course was the principal obligor, and Belcher was his surety. On the trial of the case, as the record shows, the following papers belonging to and being a part of the aforesaid attachment case were introduced in evidence and read to the jury, to wit: (1) The plaintiffs' bill of particulars; (2) the affidavit for the attachment; (3) the attachment undertaking; (4) the order of attachment; (5) the inventory and appraisement; (6) the affidavit denying the grounds for the attachment; (7) the notice of the motion to discharge the attachment; (8) the transcript of the justice of the peace. But none of these papers are to be found in the record brought to this court, except the attachment undertaking; hence, how much of the evidence is omitted from the record, and what these papers and the omitted evidence would prove, no one can tell. It seems to be admitted in this present action that there was a prior action before a justice of the peace, in which Veatch was the plaintiff, and Miner and the two Chenoweths were the defendants, and in which action the attachment undertaking sued on in the present case was given, and in

which action an order of attachment was issued; but it is now denied that any property was attached under this order of attachment; or at least it is denied that the record shows that any property was so attached. It must be presumed, however, that the constable holding the order of attachment did his duty, and that he attached property if he could find any belonging to Miner or the Chenoweths to attach; and the plaintiffs in this action, the Chenoweths, claim that in fact he did attach property belonging to them, to wit, a certain hay press. It must also be presumed that the officer holding the attachment made a return thereof and of his proceedings under it; for such was his duty under the statutes. The statute upon this subject, so far as it is necessary to quote it, reads as follows:

"SEC. 50. The officer shall return, upon every order of attachment, what he has done under it. The return must show the property attached, and the time it was attached." (Justices' Act, § 50.)

It must also be inferred that the constable attached property, for it appears from the record that there was an "inventory and appraisement," which would not have been the case if no property had been attached. But it is now claimed by the plaintiffs in error, defendants below, that the written return made by the constable of his proceedings under the order of attachment was not introduced in evidence; but whether it was or not we cannot tell from the record brought to this court. Presumably, however, it was; for presumably it was placed on the back of the order of attachment, and all went to the jury together; and presumably, also, the transcript of the justice of the peace showed what was done under the order of attachment. There is nothing in the record contrary to these presumptions or that expressly shows that the return of the constable was not introduced in evidence. We shall presume that the return of the constable was introduced in evidence, and that it showed all that was necessary with regard to the attachment of the property which it was necessary to show in order to sustain the judgment of the trial court; for

to presume otherwise would be to presume a state of facts which would require a reversal of the judgment of such court, and it is not the duty of this court to presume a state of facts upon an imperfect record which would require a reversal of the judgment of the trial court; but on the contrary it is the duty of this court, in the absence of anything to the contrary, to presume a state of facts which would sustain and uphold the judgment of the trial court. In all probability the return of the officer showed that he attached a hay press belonging to the Chenoweths, as the other evidence also tended to show, and as the jury evidently found. We think this court should presume that the papers introduced in evidence, but which have not been brought to this court, made out a clear case for the plaintiffs below, and therefore that the jury was author- ized to find and the court to render a judgment in favor of the plaintiffs below and against the defendants below.

It is claimed, however, by the defendants below, plaintiffs in error, that errors were committed in the introduction of evidence, in the instructions of the court to the jury, in the verdict of the jury, and in the judgment rendered by the court. We do not think that any material error was committed in the introduction of evidence. It is true considerable latitude was permitted in the introduction of the evidence, but it seems to have been permitted for the purpose that the plaintiffs might recover exact compensation for their loss occasioned by the levy of the order of attachment upon their hay press, their consequent exclusion from the right to use it, the value of its use while they were not permitted to use it, and its partial destruction and its deterioration in value while it was in the hands of the constable. If the officer's return was introduced in evidence, and if it showed the levy of the order of attach- ment as is claimed by the plaintiffs, then the parol testimony with regard to these same matters could not have been mate- rially erroneous. This parol testimony was principally with regard to the declarations of the constable that he had at- tached the hay press. The transcript of the justice of the peace, which was introduced in evidence, evidently showed

when the attachment was dissolved. In what manner the constable made his levy is not shown, but he left the property where he found it, to wit, on the land of Miner. The defendants did not touch it afterward until the attachment was dissolved.

With regard to the instructions, we think they were substantially correct. They were, in substance, that the plaintiffs were entitled to recover exact compensation for their loss, including the value of the use of the hay press and the injuries to it while it was in the custody of the constable, and that, under the facts of the case, the plaintiffs were entitled to recover some damage; and the defendants, by an instruction which they asked the court to give to the jury, seemingly admitted that the plaintiffs were entitled to recover some damages. A part of the instruction asked by the defendants is as follows:

"The plaintiffs are entitled to nominal damages only, and the necessary expenses incurred in securing the dissolution of the attachment, including their attorney fees."

As before stated, the jury rendered a general verdict in favor of the plaintiffs and against the defendants, and assessed the plaintiffs' damages at $122.50, and the court then rendered judgment as follows:

"Whereupon plaintiffs remit all excess over $100 against defendant C. M. Belcher; and thereupon it is ordered, decreed and adjudged by the court that said plaintiffs do have and recover of said defendants, Edgar Veatch as principal, and C. M. Belcher as surety, the sum of $100, and an additional sum of $22.50 of said defendant C. M. Belcher, and that said defendants pay the costs of this action, taxed at $——."

The plaintiffs were entitled to recover at least up to the amount of $100, provided their proved damages amounted to that sum, for that was the amount of the bond sued on, and it does not appear that a judgment of any greater amount than that was rendered against Veatch, the principal on the bond, and while it appears that a judgment for an additional amount of $22.50 was rendered against Belcher, the surety,

yet it appears that the plaintiffs remitted that amount as to him. There is evidently an error in the language used in the foregoing judgment, but we cannot well correct it.

The judgment of the court below will be affirmed.

All the Justices concurring.